Vanessa R. Waldref
United States Attorney
Eastern District of Washington
Patrick J. Cashman
Assistant United States Attorney
Post Office Box 1494
Spokane, WA 99210-1494
Telephone: (509) 353-2767

FILED IN THE U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

MAR 2 2 2023

SEAN F. McAVOY, CLERK
SPOKANE, WASHINGTON

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No.: 2:22-CR-52-TOR-3 |
| Plaintiff, | Plea Agreement |
| v. | |
| SHAWN ROBSON, | |
| Defendant. | |

Plaintiff United States of America, by and through Vanessa R. Waldref, United States Attorney the Eastern District of Washington, and Patrick J. Cashman, Assistant United States Attorney for the Eastern District of Washington, and Defendant Shawn Robson ("Defendant"), both individually and by and through Defendant's counsel, Ronald A. Van Wert, agree to the following Plea Agreement.

1. <u>Guilty Plea and Maximum Statutory Penalties</u>

Defendant agrees to enter a plea of guilty to Count 6 of the Superseding Indictment filed on June 7, 2022, which charges Defendant with Possession of Stolen Ammunition, in violation of 18 U.S.C. §§ 922(j), 924(a)(2), a Class C felony.

Defendant understands that the following potential penalties apply:

    a.    a term of imprisonment of not more than 10 years;

PLEA AGREEMENT - 1

  b. a term of supervised release not to exceed 3 years;

  c. a fine of up to $250,000; and

  d. a $100 special penalty assessment.

 2. <u>Supervised Release</u>

Defendant understands that if Defendant violates any condition of Defendant's supervised release, the Court may revoke Defendant's term of supervised release, and require Defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without credit for time previously served on postrelease supervision, up to the following terms:

  a. 5 years in prison if the offense that resulted in the term of Supervised Release is a class A felony,

  b. 3 years in prison if the offense that resulted in the term of Supervised Release is a class B felony, and/or

  c. 2 years in prison if the offense that resulted in the term of Supervised Release is a class C felony.

Accordingly, Defendant understands that if Defendant commits one or more violations of supervised release, Defendant could serve a total term of incarceration greater than the maximum sentence authorized by statute for Defendant's offense or offenses of conviction.

 3. <u>The Court is Not a Party to this Plea Agreement</u>

The Court is not a party to this Plea Agreement and may accept or reject it. Defendant acknowledges that no promises of any type have been made to Defendant with respect to the sentence the Court will impose in this matter.

Defendant understands the following:

  a. sentencing is a matter solely within the discretion of the Court;

  b. the Court is under no obligation to accept any recommendations made by the United States or Defendant;

PLEA AGREEMENT - 2

c. the Court will obtain an independent report and sentencing recommendation from the United States Probation Office;

d. the Court may exercise its discretion to impose any sentence it deems appropriate, up to the statutory maximum penalties;

e. the Court is required to consider the applicable range set forth in the United States Sentencing Guidelines, but may depart upward or downward under certain circumstances; and

f. the Court may reject recommendations made by the United States or Defendant, and that will not be a basis for Defendant to withdraw from this Plea Agreement or Defendant's guilty plea.

4. <u>Potential Immigration Consequences of Guilty Plea</u>

If Defendant is not a citizen of the United States, Defendant understands the following:

a. pleading guilty in this case may have immigration consequences;

b. a broad range of federal crimes may result in Defendant's removal from the United States, including the offense to which Defendant is pleading guilty;

c. removal from the United States and other immigration consequences are the subject of separate proceedings; and

d. no one, including Defendant's attorney or the Court, can predict with absolute certainty the effect of a federal conviction on Defendant's immigration status.

Defendant affirms that Defendant is knowingly, intelligently, and voluntarily pleading guilty as set forth in this Plea Agreement, regardless of any immigration consequences that Defendant's guilty plea may entail.

5. <u>Waiver of Constitutional Rights</u>

Defendant understands that by entering this guilty plea, Defendant is knowingly and voluntarily waiving certain constitutional rights, including the following:

    a. the right to a jury trial;
    b. the right to see, hear and question the witnesses;
    c. the right to remain silent at trial;
    d. the right to testify at trial; and
    e. the right to compel witnesses to testify.

While Defendant is waiving certain constitutional rights, Defendant understands that Defendant retains the right to be assisted by an attorney through the sentencing proceedings in this case and any direct appeal of Defendant's conviction and sentence, and that an attorney will be appointed at no cost if Defendant cannot afford to hire an attorney.

Defendant understands and agrees that any defense motions currently pending before the Court are mooted by this Plea Agreement, and Defendant expressly waives Defendant's right to bring any additional pretrial motions.

6. <u>Elements of the Offense</u>

The United States and Defendant agree that in order to convict Defendant of Possession of Stolen Ammunition, in violation of 18 U.S.C. §§ 922(j), 924(a)(2), the United States would have to prove the following beyond a reasonable doubt.

    a. *First*, on or about April 26, 2022, within the Eastern District of Washington, Defendant knowingly possessed stolen ammunition;

    b. *Second*, the ammunition had been shipped or transported in interstate or foreign commerce; and

c. *Third*, at the time of the possession, Defendant knew or had reasonable cause to believe that the ammunition has been stolen.

7. Factual Basis and Statement of Facts

The United States and Defendant stipulate and agree to the following: the facts set forth below are accurate; the United States could prove these facts beyond a reasonable doubt at trial; and these facts constitute an adequate factual basis for Defendant's guilty plea.

The United States and Defendant agree that this statement of facts does not preclude either party from presenting and arguing, for sentencing purposes, additional facts that are relevant to the Sentencing Guidelines computation or sentencing, unless otherwise prohibited in this Plea Agreement.

In August 2021, the Federal Bureau of Investigation (FBI) and United States Air Force Office of Special Investigations (AFOSI) initiated an investigation into Airman John I. Sanger. The investigation involved the use of an undercover agent (UC). During the course of the investigation into Airman Sanger, the FBI and AFOSI learned Sanger was able to secure stolen military ammunition from a member, later identified as Nathan Richards, of the Fairchild 92nd Security Forces Squadron Combat Arms Training Management (CATM) section. The CATM is responsible for ensuring members of the Air Force are trained and combat ready to safely use and maintain all types of small arms. Richards invited Sanger, who in turn invited the UC, to go shooting with he and other members of CATM at Fishtrap Lake, in the Eastern District of Washington.

On March 12, 2022, the UC, Sanger, Richards, Eric Eagleton, and others arrived (not including the Defendant) at Fishtrap Lake and engaged in target shooting using stolen ammunition from the U.S. Air Force's CATM section. At the conclusion of the event, Sanger was provided additional stolen ammunition

PLEA AGREEMENT - 5

from Richards for his personal use. Sanger subsequently provided the UC a small portion of the stolen ammunition.

Based upon the March 12, 2022 event and other investigative steps, the FBI and OSI executed a series of search warrants at Sanger and Eagleton's residences on April 26, 2022. Simultaneous to the execution of the search warrants, members of the CATM, including the Defendant, were brought to local AFOSI office to be interviewed. The Defendant was advised of and waived his Article 31(b), Uniform Code of Military Justice (UCMJ) rights and provided a statement. During the statement, the Defendant admitted to taking ammunition without authority from the CATM section. The Defendant stated he was the CATM Non-Commissioned Officer-In-Charge (NCOIC) and therefore was responsible for what happened in that section. The Defendant indicated it was a pretty common practice. Specifically, the Defendant identified a "slush fund" of ammunition which were not accounted for. The Defendant further admitted to having a box of 7.62 ammunition, an unspecified amount of 5.56 ammunition, and an M68 red dop optic at his residence without authorization. The Defendant subsequently consented to a search of his residence, within the Eastern District of Washington. During a search of the Defendant's residence, FBI and OSI agents located approximately 3,000 rounds of ammunition the Defendant had reasonable cause to believe was stolen as he was not authorized to be in possession of it.

The Defendant stipulates the stolen ammunition traveled in interstate commerce.

The Defendant has fully cooperated with law enforcement's investigation of this matter. The Defendant voluntarily provided information to law enforcement on three occasions: April 26, 2022, May 5, 2022, and June 2, 2022. In addition to consenting to the search of his residence, Defendant's cooperation assisted law enforcement in furtherance of its investigation and identification of other co-defendants.

PLEA AGREEMENT - 6

8.  **The United States' Agreements**

The United States Attorney's Office for the Eastern District of Washington agrees that at the time of sentencing, the United States will move to dismiss:

Count 1 – Conspiracy to Commit Theft of Government Property and Possession of Stolen Ammunition, in violation of 18 U.S.C. § 371; and

Count 13 – Receiving Stolen Government Property, in violation of 18 U.S.C. § 641.

The United States Attorney's Office for the Eastern District of Washington agrees not to bring additional charges against Defendant based on information in its possession at the time of this Plea Agreement that arise from conduct that is either charged in the Indictment or identified in discovery produced in this case, unless Defendant breaches this Plea Agreement before sentencing.

9.  **United States Sentencing Guidelines Calculations**

Defendant understands and acknowledges that the United States Sentencing Guidelines ("U.S.S.G." or "Guidelines") apply and that the Court will determine Defendant's advisory range at the time of sentencing, pursuant to the Guidelines. The United States and Defendant agree to the following Guidelines calculations.

   a.  **Base Offense Level**

The United States and the Defendant agree that the base offense level for Possession of Stolen Ammunition, in violation of 18 U.S.C. §§ 922(j), 924(a)(2) is 12. U.S.S.G. § 2K2.1(a)(7).

   b.  **Specific Offense Characteristics**

The United States and the Defendant make no agreement on the application of specific offense characteristics. The parties are free to argue for or against the application of any specific offense characteristics.

   c.  **Acceptance of Responsibility**

The United States will recommend that Defendant receive a two-level downward adjustment for acceptance of responsibility, pursuant to U.S.S.G.

PLEA AGREEMENT - 7

§ 3E1.1(a), if Defendant does the following:

    i. accepts this Plea Agreement;

    ii. enters a guilty plea at the first Court hearing that takes place after the United States offers this Plea Agreement;

    iii. demonstrates recognition and affirmative acceptance of Defendant's personal responsibility for Defendant's criminal conduct;

    iv. provides complete and accurate information during the sentencing process; and

    v. does not commit any obstructive conduct.

The United States and Defendant agree that at its option and on written notice to Defendant, the United States may elect not to recommend a reduction for acceptance of responsibility if, prior to the imposition of sentence, Defendant is charged with, or convicted of, any criminal offense, or if Defendant tests positive for any controlled substance.

    d. <u>No Other Agreements</u>

The United States and Defendant have no other agreements regarding the Guidelines or the application of any Guidelines enhancements, departures, or variances. Defendant understands and acknowledges that the United States is free to make any sentencing arguments it sees fit, including arguments arising from Defendant's uncharged conduct, conduct set forth in charges that will be dismissed pursuant to this Agreement, and Defendant's relevant conduct.

    e. <u>Criminal History</u>

The United States and Defendant have no agreement and make no representations about Defendant's criminal history category, which will be determined by the Court after the United States Probation Office prepares and discloses a Presentence Investigative Report.

10. Cooperation

The Defendant agrees to cooperate completely and truthfully with the United States as follows:

a) Debriefings:

The Defendant agrees to participate in full debriefings by federal and local investigative agencies about all the Defendant's knowledge of illegal conduct, at times and places to be decided by these agencies. The Defendant agrees to provide complete, accurate and truthful information to these agencies. The Defendant agrees to not falsely implicate any person or entity and agrees to not protect any person or entity through false information or omission.

It is understood that the Defendant may have an attorney present at any or all such debriefings.

b) Testimony:

The Defendant agrees to testify completely and truthfully at any subsequent hearing, grand jury proceeding, or other federal or state court proceeding involving co-defendants or any other person involved in criminal activity.

Both the Defendant and the United States agree to request a reasonable continuance of the sentencing date in order to ensure that the Defendant testifies pursuant to this provision prior to sentencing.

c) Documents:

The Defendant agrees to voluntarily produce all documents, records, or other tangible evidence relating to matters about which the United States Attorney's Office or law enforcement agencies inquire.

d) Recovery of Assets:

The Defendant agrees to fully cooperate in the identification and recovery of assets to pay restitution and further agrees that if any proceeds are in the Defendant's possession or control, the Defendant will immediately relinquish them to the United States.

PLEA AGREEMENT - 9

e) Notification:

The Defendant agrees to immediately notify the United States Attorney's Office if the Defendant is contacted, interviewed, subpoenaed or requested to testify for or against any other person.

f) Effect of Breach:

The Defendant agrees that if the Defendant breaches this Plea Agreement, the agreement is null and void and the Defendant expressly waives the right to challenge the initiation of additional charges against the Defendant for any criminal activity and agrees that the United States may make derivative use of and may pursue any investigative leads suggested by the Defendant's statements and cooperation.

This agreement does not protect the Defendant from prosecution for perjury, obstruction of justice, or any other offense should the Defendant commit any crime during the Defendant's cooperation under this agreement.

j) Substantial Assistance:

The United States also agrees that if the Defendant provides full, truthful, and complete cooperation, at sentencing, it will move pursuant to USSG §5K1.1 (Substantial Assistance to Authorities) and 18 U.S.C. § 3553(e) for a downward departure. USSG §5K1.1 provides as follows:

Upon motion of the government stating that the defendant has provided substantial assistance in the investigation or prosecution of another person who has committed an offense, the court may depart from the guidelines.

(a) The appropriate reduction shall be determined by the court for reasons stated that may include, but are not limited to, consideration of the following:

(1) the court's evaluation of the significance and usefulness of the defendant's assistance, taking into consideration the government's evaluation of the assistance rendered;

PLEA AGREEMENT - 10

(2) the truthfulness, completeness, and reliability of any information or testimony provided by the defendant;

(3) the nature and extent of the defendant's assistance;

(4) any injury suffered, or any danger or risk of injury to the defendant or his family resulting from his assistance;

(5) the timeliness of the defendant's assistance.

USSG §5K1.1(a)(1), (5).

The Defendant acknowledges that he has *not* completed providing substantial assistance at the time of the entry into this Plea Agreement and that the United States is not bound to move for a downward departure unless the Defendant provides information that is fully truthful and complete and that the Defendant testifies truthfully and completely at any hearing, trial, grand jury proceeding, or other court proceeding if called as a witness by any party. The Defendant understands that it may be necessary to continue the sentencing date in order to verify full compliance with the Plea Agreement.

The Defendant acknowledges and agrees that if he fails to complete his efforts to provide substantial assistance by refusing reasonable requests to meet with law enforcement agents, by providing false information or withholding information from agents, or by failing to testify completely, truthfully, and honestly, the United States is under no obligation to file a motion for a downward departure pursuant to USSG §5K1.1 or 18 U.S.C. § 3553(e), and the Plea Agreement shall be considered breached and null and void. The United States may then prosecute the Defendant on all available charges, including making false statements and perjury.

11. Incarceration/Probation

The United States agrees to recommend no jail time in consideration of Defendant's cooperation. Further, the United States and Defendant each agree to recommend 3 years of supervised release in consideration of his cooperation.

PLEA AGREEMENT - 11

Defendant agrees that the Court's decision regarding the conditions of Defendant's Supervised Release is final and non-appealable; that is, even if Defendant is unhappy with the conditions of Supervised Release ordered by the Court, that will not be a basis for Defendant to withdraw Defendant's guilty plea, withdraw from this Plea Agreement, or appeal Defendant's conviction, sentence, or any term of Supervised Release.

The United States and Defendant agree to recommend that in addition to the standard conditions of supervised release imposed in all cases in this District, the Court should also impose the following conditions:

    a. The United States Probation Officer may conduct, upon reasonable suspicion, and with or without notice, a search of Defendant's person, residences, offices, vehicles, belongings, and areas under Defendant's exclusive or joint control.

    b. Undergo a mental health evaluation and follow any recommend treatment.

12. Criminal Fine

The United States and Defendant may make any recommendation concerning the imposition of a criminal fine. Defendant acknowledges that the Court's decision regarding a fine is final and non-appealable; that is, even if Defendant is unhappy with a fine ordered by the Court, that will not be a basis for Defendant to withdraw Defendant's guilty plea, withdraw from this Plea Agreement, or appeal Defendant's conviction, sentence, or fine.

13. Mandatory Special Penalty Assessment

Defendant agrees to pay the $100 mandatory special penalty assessment to the Clerk of Court for the Eastern District of Washington, pursuant to 18 U.S.C. § 3013.

PLEA AGREEMENT - 12

14. <u>Payments While Incarcerated</u>

If Defendant lacks the financial resources to pay the monetary obligations imposed by the Court, Defendant agrees to earn money toward these obligations by participating in the Bureau of Prisons' Inmate Financial Responsibility Program.

15. <u>Additional Violations of Law Can Void Plea Agreement</u>

The United States and Defendant agree that the United States may, at its option and upon written notice to the Defendant, withdraw from this Plea Agreement or modify its sentencing recommendation if, prior to the imposition of sentence, Defendant is charged with or convicted of any criminal offense or tests positive for any controlled substance.

16. <u>Waiver of Appeal Rights</u>

Defendant understands that Defendant has a limited right to appeal or challenge Defendant's conviction and the sentence imposed by the Court.

Defendant expressly waives all of Defendant's rights to appeal Defendant's conviction and the sentence the Court imposes.

Defendant expressly waives Defendant's right to appeal any fine, term of supervised release, or restitution order imposed by the Court.

Defendant expressly waives the right to file any post-conviction motion attacking Defendant's conviction and sentence, including a motion pursuant to 28 U.S.C. § 2255, except one based on ineffective assistance of counsel arising from information not now known by Defendant and which, in the exercise of due diligence, Defendant could not know by the time the Court imposes sentence.

Nothing in this Plea Agreement shall preclude the United States from opposing any post-conviction motion for a reduction of sentence or other attack upon the conviction or sentence, including, but not limited to, writ of habeas corpus proceedings brought pursuant to 28 U.S.C. § 2255.

17. Compassionate Release

In consideration for the benefits Defendant is receiving under the terms of this Plea Agreement, Defendant expressly waives Defendant's right to bring any motion for Compassionate Release other than a motion arising from one of the specific bases set forth in this paragraph of this Plea Agreement. The United States retains the right to oppose, on any basis, any motion Defendant files for Compassionate Release.

The only bases on which Defendant may file a motion for Compassionate Release in the Eastern District of Washington are the following:

    a. Medical Condition of Defendant

        i. Defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia; or

        ii. Defendant is suffering from a serious physical or medical condition, a serious functional or cognitive impairment, or deteriorating physical or mental health because of the aging process that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which Defendant is not expected to recover.

    b. Age of Defendant

        i. Defendant is at least 65 years old, is experiencing a serious deterioration in physical or mental health because of the aging process; and has served at least 10 years or

PLEA AGREEMENT - 14

75 percent of Defendant's term of imprisonment, whichever is less; or

  ii. Defendant is at least 70 years old and has served at least 30 years in prison pursuant to a sentence imposed under 18 U.S.C. § 3559(c) for the offense or offenses for which Defendant is imprisoned.

c. Family Circumstances

  i. The caregiver of Defendant's minor child or children has died or become incapacitated, and Defendant is the only available caregiver for Defendant's minor child or children; or

  ii. Defendant's spouse or registered partner has become incapacitated, and Defendant is the only available caregiver for Defendant's spouse or registered partner.

d. Subsequent Reduction to Mandatory Sentence

  i. Defendant pleaded guilty to an offense which, on the date of Defendant's guilty plea, carried a mandatory minimum sentence; and

  ii. after the entry of judgment, the length of the mandatory minimum sentence for Defendant's offense of conviction was reduced by a change in the law; and

  iii. the application of the reduced mandatory minimum sentence would result in Defendant receiving a lower overall sentence.

e. Ineffective Assistance of Counsel

  i. Defendant seeks Compassionate Release based on a claim of ineffective assistance of counsel arising from information that Defendant both

PLEA AGREEMENT - 15

2. did not know at the time of Defendant's guilty plea, and
3. could not have known, in the exercise of due diligence, at the time the Court imposed sentence.

18. <u>Withdrawal or Vacatur of Defendant's Plea</u>

Should Defendant successfully move to withdraw from this Plea Agreement or should Defendant's conviction be set aside, vacated, reversed, or dismissed under any circumstance, then:

    a. this Plea Agreement shall become null and void;

    b. the United States may prosecute Defendant on all available charges;

    c. The United States may reinstate any counts that have been dismissed, have been superseded by the filing of another charging instrument, or were not charged because of this Plea Agreement; and

    d. the United States may file any new charges that would otherwise be barred by this Plea Agreement.

The decision to pursue any or all of these options is solely in the discretion of the United States Attorney's Office.

Defendant agrees to waive any objections, motions, and defenses Defendant might have to the United States' decision about how to proceed, including a claim that the United States has violated Double Jeopardy.

Defendant agrees not to raise any objections based on the passage of time, including but not limited to, alleged violations of any statutes of limitation or any objections based on the Speedy Trial Act or the Speedy Trial Clause of the Sixth Amendment.

19. <u>Integration Clause</u>

The United States and Defendant acknowledge that this document constitutes the entire Plea Agreement between the United States and Defendant, and no other promises, agreements, or conditions exist between the United States and Defendant concerning the resolution of the case.

This Plea Agreement is binding only on the United States Attorney's Office for the Eastern District of Washington, and cannot bind other federal, state, or local authorities.

The United States and Defendant agree that this Agreement cannot be modified except in a writing that is signed by the United States and Defendant.

<u>Approvals and Signatures</u>

Agreed and submitted on behalf of the United States Attorney's Office for the Eastern District of Washington.

Vanessa R. Waldref
United States Attorney

_____     3-22-2023
Patrick J. Cashman                    Date
Assistant United States Attorney

PLEA AGREEMENT - 17

I have read this Plea Agreement and I have carefully reviewed and discussed every part of this Plea Agreement with my attorney. I understand the terms of this Plea Agreement. I enter into this Plea Agreement knowingly, intelligently, and voluntarily. I have consulted with my attorney about my rights, I understand those rights, and I am satisfied with the representation of my attorney in this case. No other promises or inducements have been made to me, other than those contained in this Plea Agreement. No one has threatened or forced me in any way to enter into this Plea Agreement. I agree to plead guilty because I am guilty.

_____  03-22-2023
Shawn Robson                     Date
Defendant

I have read the Plea Agreement and have discussed the contents of the agreement with my client. The Plea Agreement accurately and completely sets forth the entirety of the agreement between the parties. I concur in my client's decision to plead guilty as set forth in the Plea Agreement. There is no legal reason why the Court should not accept Defendant's guilty plea.

_____  03-22-2023
Ron Van Wert                     Date
Attorney for Defendant

PLEA AGREEMENT - 18