Vanessa R. Waldref
United States Attorney
Eastern District of Washington
Patrick J. Cashman
Assistant United States Attorney
Post Office Box 1494
Spokane, WA 99210-1494
Telephone: (509) 353-2767

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

| UNITED STATES OF AMERICA, | 2:22-CR-00052-TOR-3 |
|---|---|
| Plaintiff, | |
| v. | United States' Sentencing Memorandum |
| SHAWN ROBSON, | |
| Defendant. | |

Plaintiff, United States of America, by and through Vanessa R. Waldref, United States Attorney for the Eastern District of Washington, Patrick J. Cashman, Assistant United States Attorney for the Eastern District of Washington, respectfully submits the following Sentencing Memorandum. The United States recommends the Court sentence the Defendant to a term of 3 years of supervised release. A sentence of 3 years supervised release is a reasonable sentence that is no greater than necessary to meet the interests of federal sentencing principles because of the Defendant's cooperation in this case.

I.   Background

The United States relies on the facts provided in the plea agreement and the United States Probation Office's (USPO) Pre-Sentence Investigation Report (PSIR)

United States' Sentencing Memorandum - 1

and Addendum. (ECF Nos. 174, 187). The United States reserves the ability to present additional facts as necessary at the sentencing hearing to address any of the Court's concerns.

## II. Base Offense Level & Enhancements

The United States concurs with the USPO's calculation of an adjusted offense level of 10. ECF No. 187, ¶135. The United States further concurs the Defendant's Criminal History Category is a I. *Id.* Accordingly, the Defendant's advisory guideline range is properly calculated at 6 to 12 months. *Id.*

## III. Defendant's PSIR Objections

The parties did not file objections to the PSIR.

## IV. Departures

The United States submits the Court should grant a downward departure or variance to sentence the Defendant to three years of supervised release with no jail time imposed. The requested downward departure or variance is warranted because of the Defendant's immediate and thorough cooperation with the United States. Additionally, the Defendant's cooperation was made known to co-Defendants.

## V. 18 U.S.C. § 3553(a)

When applying the 18 U.S.C. § 3553(a) factors, a sentence of three-years supervised release is appropriate. The United States submits, under the circumstances of this case, a sentence of three years supervised release is fair and no greater than necessary to satisfy the interests of federal sentencing principles.

a. Nature, Circumstances, and Seriousness of the Offense:

The nature and circumstances of this case warrant a punitive sentence. It is without a doubt the Defendant's acts were serious and egregious. The Defendant used his position to obtain a significant amount of military ammunition for his own personal use. The Defendant's actions undermined the good order and discipline of the force and seriously impacted the image of the United States Air Force to the public. The actions of the Defendant, and his co-Defendants, undermined the trust and

United States' Sentencing Memorandum - 2

confidence the taxpayers place in our servicemembers. In short, the Defendant's greed was not limited to simply impacting the ammunition stores of his unit but hurt the image and stature the United States Air Force as a whole in the eyes of the public. The nature, circumstances, and seriousness of this offense warrants a sentence of 18 months.

Accordingly, when considering the totality of the nature, circumstances, and seriousness of the Defendant's actions, a punitive sentence is reasonable and appropriate to reflect the gravity of the Defendant's criminal acts. However, this factor must be balanced against other factors that warrant the United States' recommended sentence of no jail and three years supervised release.

    b. Characteristics and Criminal History of Defendant:

The Defendant has no criminal history aside from the current conviction. The Defendant also had previously served in the United States Air Forces until his arrest on these criminal offenses. As a result of this conviction, he was or will be administratively separated from the United States Air Force with an other than honorable characterization of service. Weighing in the Defendant's favor is his willingness to cooperate with law enforcement upon his arrest and subsequently. For this cooperation, the United States believes a sentence of three years of supervised release is appropriate.

    c. Public Safety and Deterrence:

Again, the United States notes a serious sentence that is reflective of the nature and egregiousness of the Defendant's actions is warrant. However, due to the Defendant's cooperation and lack of criminal history, this factor when considering these circumstances, weighs in favor of a sentence of three years supervised release.

    d. Rehabilitation and Programming:

A sentence of three years supervised release is further appropriate as it will provide the Defendant the ability to utilize resources for vocational training and treatment. Noted in the PSIR is the Defendant's need for mental health treatment. As a

United States' Sentencing Memorandum - 3

condition of supervision, the Court should require the Defendant to continue to seek and attend mental health counseling and treatment sessions.

Dated: June 14, 2023.

        Vanessa R. Waldref
        United States Attorney

        *s/ Patrick J. Cashman*
        Patrick J. Cashman
        Assistant United States Attorney

## CERTIFICATE OF SERVICE

I hereby certify that on June 14, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

David M. Miller

*s/ Patrick J. Cashman*
Patrick J. Cashman
Assistant United States Attorney

United States' Sentencing Memorandum - 5